1  RAMIRO MORALES, # 167947
   rmorales@mfrlegal.com
2  ELIZABETH CELNIKER, #211652
   ecelniker@mfrlegal.com
3  MORALES FIERRO & REEVES
   2300 Contra Costa Blvd., Suite 310
4  Pleasant Hill, CA  94523
   Telephone:  (925) 288-1776
5  Facsimile:  (925) 288-1856

6  Attorneys for Defendant WESTCHESTER
   FIRE INSURANCE COMPANY

7

8                   UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10

11 CHATFIELD CONSTRUCTION, INC.,         )   CASE NO.:
                                         )
12            Plaintiff,                 )   **NOTICE OF REMOVAL OF ACTION**
                                         )   **UNDER 28 U.S.C. § 1441**
13      vs.                              )   **(Diversity Jurisdiction under 28 U.S.C.**
                                         )   **§ 1332)**
14 WESTCHESTER FIRE INSURANCE            )
   COMPANY and DOES 1-10, inclusive,     )
15                                       )
              Defendants.                )
16                                       )
                                         )
17 _____ )

18 TO THE CLERK OF THE ABOVE-REFERENCED COURT:

19      PLEASE TAKE NOTICE THAT Defendant Westchester Fire Insurance Company

20 ("Westchester"), by and through its counsel Morales Fierro & Reeves, hereby removes to this

21 Court the action pending in the Superior Court of the State of California in and for the County of

22 Sacramento described below:

23      1.      On November 5, 2010, an action was commenced in the Superior Court of the State

24 of California in and for the County of Sacramento, entitled *Chatfield Construction, Inc. vs.*

25 *Westchester Fire Insurance Company and DOES 1-10, inclusive*, as Case Number 34-2010-

26 00091070 ("the State Court Action").

27 ///

28 ///

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441

2.     Plaintiff Chatfield Construction, Inc. served Westchester with the Summons, Complaint, Civil Case Cover Sheet, Civil Case Packet, Alternative Dispute Resolution Information Sheet, Civil Department Assignment Information, Order to File Case Management Statement Limited Civil Case, and Program Case Notice in the State Court Action on December 1, 2010.  Westchester is the only defendant that has been served in the State Court Action.  On December 30, 2010, Westchester filed and served its Answer in the State Court Action.  All process, pleadings, and orders served in the State Court Action are attached hereto as Exhibit "A."

3.     Removal is timely because this Notice of Removal is filed and served within 30 days of service of the State Court Action and within one year of commencement of the State Court Action.

4.     The State Court Action is a civil matter of which this Court has jurisdiction pursuant to 28 U.S.C. Sections 1332 and 1441 in that it is a civil action between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5.     Plaintiff Chatfield Construction, Inc. is a corporation organized under the laws of the State of California.  This is Plaintiff's allegation at Paragraph 1 of the Complaint.  Plaintiff Chatfield Construction, Inc. has its principal place of business in Lodi, California.

6.     The citizenship of all defendants is diverse to that of Plaintiff Chatfield Construction, Inc.  At the time the State Court Action was filed and at the time of the filing of this Notice of Removal, Westchester is and was a corporation organized under the laws of the State of New York, with its principal place of business in the Commonwealth of Pennsylvania.

7.     The citizenship of defendants sued under fictitious names is disregarded upon removal.  28 U.S.C. Section 1441(a).

8.     No defendant is a citizen of the State of California.

9.     The amount in controversy in the State Court Action exceeds $75,000, exclusive of interest and costs, because Plaintiff's claims in the State Court Action concern insurance with respect to two underlying lawsuits, captioned *Chatfield Construction, Inc. v. Hanlees Davis, Inc., et al.*, Yolo County Superior Court Case No. CV 061641, and *Chatfield Construction, Inc. v. Keller Motors, et al.*, Kings County Superior Court Case No. 07C-0179.  Without admitting the

1  contents of Plaintiff's allegations, Plaintiff alleges at Paragraph 23 of the Complaint that it has

2  been damaged in an amount to be proved at trial and in excess of $300,000.

3      10.     There are no defendants other than Westchester that have been served in this action.

4      WHEREFORE, Westchester requests that the above-entitled action be removed from the

5  Superior Court of the State of California in and for the County of Sacramento to this Court.

6

7  Dated: *12/30* , 2010

8                                     MORALES FIERRO & REEVES

9

10  By: _____
       RAMIRO MORALES, #167947

11     ELIZABETH B. CELNIKER, #211652
       Attorneys for Defendant WESTCHESTER FIRE

12     INSURANCE COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441

# Exhibit A

# Exhibit A

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
WESTCHESTER FIRE INSURANCE COMPANY and
DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
CHATFIELD CONSTRUCTION, INC.

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: (Número del Caso): |
|---|---|
| The name and address of the court is: <br> (El nombre y dirección de la corte es): <br> Sacramento County Superior Court <br> 720 9th Street <br> Sacramento, CA 95814 | 34-2010-00091070 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Bradley W. Kragel, Esq.    SBN 143065
Neve, Clifford, Wengel & Paras, LLP   Tel: 916-443-2011  Fax: 916-441-7457
770 Gateway Oaks Drive, Suite 210, Sacramento, CA 95833

| DATE: NOV - 5 2010 | Clerk, by | , Deputy |
|---|---|---|
| (Fecha) | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): *Westchester Fire Insurance Company*

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☒ by personal delivery on (date): 12/06/10

COPY

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

Martin Dean's ESSENTIAL FORMS™

#02323-15672

GREVE, CLIFFORD, WENGEL & PARAS, LLP
LAWRENCE A. WENGEL, Esq. (SBN 064708)
BRADLEY W. KRAGEL, Esq. (SBN 143065)
2870 Gateway Oaks Drive, Suite 210
Sacramento, California 95833-4324
Telephone:   (916) 443-2011
Facsimile:   (916) 441-7457

Attorneys for Plaintiff
CHATFIELD CONSTRUCTION, INC.

FILED
Superior Court Of California,
Sacramento
11/05/2010
jrover
By_____, Deputy
Case Number:
34-2010-00091070

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SACRAMENTO

Department
Assignments
Case Management 39
Law and Motion 54
Minors Compromise 22

CHATFIELD CONSTRUCTION, INC.,

    Plaintiff,

vs.

WESTCHESTER FIRE INSURANCE COMPANY
and DOES 1-10, inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.

[Unlimited Civil Action]

**COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING**

COMES NOW Plaintiff CHATFIELD CONSTRUCTION, INC. (hereinafter "CHATFIELD" or "Plaintiff") and alleges as follows:

1.    Plaintiff CHATFIELD is now, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of California and doing business in the State of California. Plaintiff is now, and at all times herein mentioned was, a licensed contractor in the State of California.

2.    Plaintiff is informed and believes and thereon alleges that Defendant WESTCHESTER FIRE INSURANCE COMPANY ("WESTCHESTER" or "Defendant") is, and at all times herein mentioned was, a New York corporation doing business in California by issuing and delivering insurance policies to residents of California.

///

COPY

3. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 through 10, and therefore sues said Defendants by fictitious names pursuant to Code of Civil Procedure §474. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is, and at all times herein mentioned was, responsible for the acts, omissions, representations and liabilities described in this Complaint. Plaintiff will amend this Complaint to show the true names and capacities of DOES 1 through 10 when the same have been ascertained.

4. Plaintiff is informed and believes and thereon alleges that, at all material times herein mentioned, each Defendant was an agent, servant or employee of the other Defendants herein named and that each Defendant was acting within the course and scope of said agency, service or employment.

5. On or about May 5, 2005, Defendant WESTCHESTER delivered to Plaintiff CHATFIELD a Commercial General Liability insurance policy, Policy No. GLW-786717-1/000, covering the period 02/25/05 to 02/25/06. The policy was renewed to cover the periods 02/25/06 to 02/25/07 (Policy No. G22011947001) and 02/25/07 to 02/25/08 (Policy No. G22011947002). The insurance policy provided coverages and limits as follows: Each occurrence ($1 million limit); Personal Injury & Advertising Injury ($1 million limit); General Aggregate ($2 million limit); and Products-Completed Operations Aggregate ($2 million limit).

6. Plaintiff is informed and believes and thereon alleges that the insurance policy provided that Defendant would defend and indemnify Plaintiff against claims or lawsuits seeking damages. Plaintiff is informed and believes and thereon alleges that the insurance policy stated in part as follows:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured

1   against any "suit" seeking those damages. However, we will have no duty
to defend the insured against any "suit" seeking damages for "bodily injury"
2   or "property damage" to which this insurance does not apply. We may, at
our discretion, investigate any "occurrence" and settle any claim or "suit"
3   that may result. But:

4   (1) The amount we will pay for damages is limited as described in Section
III - Limits Of Insurance; and
5

6   (2) Our right and duty to defend ends when we have used up the applicable
limit of insurance in the payment of judgments or settlements under
Coverages A and B or medical expenses under Coverage C.
7

8   No other obligation or liability to pay sums or perform acts or services is
covered unless explicitly provided for under Supplementary Payments -
Coverages A and B.
9

10       7.      Plaintiff is informed and believes and thereon alleges that Defendant

11   WESTCHESTER is a subsidiary or affiliate of ACE Group which represents to the public,

12   including Plaintiff herein, that "[w]e comply with all applicable laws, regulations and

13   company policies – in our words and in our deeds.  Honesty, character and ethical

14   behavior guide us to do the right thing. [Para.]  We are committed to our clients.  We

15   strive to understand their risks, we make promises, and we keep them."

16       8.      On September 20, 2006, CHATFIELD filed a lawsuit against Hanlees Davis,

17   Inc. (hereinafter "Hanlees") entitled _Chatfield Construction, Inc. v. Hanlees Davis, Inc.,_

18   _et al.,_ Yolo County Superior Court Case No. CV 061641, wherein CHATFIELD sought to

19   recover unpaid retention money for building two automobile dealerships in Davis during

20   the years 2005 and 2006.  Hanlees cross-complained against CHATFIELD alleging

21   multiple defects and deficiencies, including a demand for $450,000.00 for alleged paving,

22   grading and drainage issues.  Hanlees alleged that it incurred substantial property

23   damage, including but not limited to, settling and crumbling of pre-existing asphalt

24   pavement and sidewalks and cracking from inappropriately placed drains. Hanlees also

25   claimed damages for injury to pre-existing landscaping and asphalt pavement. ("_Hanlees_

26   action.")

27       9.      On March 28, 2007, CHATFIELD filed a lawsuit against Keller Motors, Inc.

28   ("Keller") entitled _Chatfield Construction, Inc. v. Keller Motors, Inc., et al.,_ Kings County

1  Superior Court Case No. 07C-0179, wherein CHATFIELD sought to recover unpaid

2  retention money owed for remodeling an auto dealership in Hanford during the years

3  2005 and 2006.  By its Answer and statement of claims in binding arbitration, Keller

4  sought affirmative relief, including claims for repairs needed to provide drainage from a

5  neighboring property that was allegedly flooding because of CHATFIELD's work; repairs

6  required to pre-existing asphalt paving; and poorly patched and discolored curbing and

7  a light pole base allegedly damaged by CHATFIELD or CHATFIELD's subcontractors.

8  ("*Keller* action.")

9      10.    By letter dated June 20, 2008, CHATFIELD informed Defendants' general

10  agent, Swett & Crawford, of both cross-claims and tendered the defense of the *Keller*

11  Cross-Complaint and the *Hanlees* Cross-Complaint to Defendants WESTCHESTER and

12  DOES 1-10. CHATFIELD did not receive any reply from Swett & Crawford or its principal,

13  Defendant WESTCHESTER.

14      11.    By letter dated February 3, 2009, CHATFIELD again tendered the defense

15  of the *Keller* and *Hanlees* Cross-Complaints to Defendant WESTCHESTER. Defendant

16  did not respond to CHATFIELD's tender until over a year later.

17      12.    In January 2010, the *Keller* action was settled in mediation.  Because of

18  WESTCHESTER's failure to defend CHATFIELD, CHATFIELD was forced to

19  compromise its claim against Keller. Had WESTCHESTER fulfilled its promise to defend

20  CHATFIELD, CHATFIELD would have recovered more of the retention money, as well

21  as its attorneys' fees and costs because the contract between CHATFIELD and Keller

22  included a provision for the recovery of attorneys' fees.

23      13.    On February 11, 2010, an insurance adjuster from WESTCHESTER called

24  Plaintiff's counsel and, for the first time, acknowledged receipt of the *Keller* and *Hanlees*

25  claims. WESTCHESTER requested additional information which was provided under

26  cover of letter dated February 23, 2010.

27      14.    By e-mail dated April 5, 2010, WESTCHESTER requested copies of records

28  showing defense fees and expert witness expenses incurred.  By e-mail dated April 6,

eve
fford
ıngel
ʾaras,
P

1   2010, WESTCHESTER requested a copy of the settlement agreement in the _Keller_

2   action. All of the information requested by WESTCHESTER was transmitted to

3   Defendant under cover of letter dated April 20, 2010.

4       15.   By e-mail dated May 13, 2010, CHATFIELD informed WESTCHESTER that

5   a mediation was scheduled in the _Hanlees_ action for May 17, 2010. CHATFIELD

6   requested that WESTCHESTER attend the mediation. WESTCHESTER refused to

7   attend. The action did not settle, but proceeded to binding arbitration which began on

8   May 24, 2010.

9       16.   By e-mail dated June 28, 2010 – over two years after the tender of defense

10   was made to Defendants' general agent and 16 months after the claims were tendered

11   directly to WESTCHESTER – WESTCHESTER responded to the tender of the _Hanlees_

12   action. It neither accepted nor rejected the tender of defense. WESTCHESTER has

13   never responded to CHATFIELD's tender of defense of the _Keller_ action.

14       17.   On October 25, 2010, an Interim Award was issued in the binding arbitration

15   of the _Hanlees_ action wherein the arbitrator found in favor of Plaintiff on the underlying

16   complaint, but reduced Plaintiff's recovery by amounts sought in the _Hanlees_ underlying

17   cross-complaint, including but not limited to amounts for damage to the site's pre-existing

18   pavement and pre-existing irrigation system and landscaping.

19       18.   This court is the proper court because the contract alleged herein was

20   performed in part in Sacramento County. The arbitration of the _Hanlees_ action, for which

21   Defendant owed a duty to defend Plaintiff, was performed in Sacramento County.

22   Plaintiff's demand for a defense of the underlying cross-actions originated in Sacramento

23   County and Defendant's responses thereto were received in Sacramento County.

24                        **FIRST CAUSE OF ACTION**

25                    **[Breach of Written Contract]**

26       19.   Plaintiff refers to and incorporates by reference herein the allegations set

27   forth at paragraphs 1-18.

28   / / /

eve
fford
ngel
Paras,
P

L:\nicolas\My Files\NLS\BWK\Chatfield v. Westchester\Pleadings\0716Complaint.wpd
COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING   (02323-15672)

20.     Defendants WESTCHESTER and DOES 1-10 issued to Plaintiff CHATFIELD a Commercial General Liability insurance policy, covering the period 02/25/05 to 02/25/08, whereby Defendants agreed to provide liability insurance coverage to CHATFIELD.  Plaintiff is informed and believes and thereon alleges that the insurance policy provided that Defendants would defend and indemnify Plaintiff against claims or lawsuits seeking damages, including the *Hanlees* and *Keller* Cross-Complaints.

21.     Plaintiff has performed all the conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the insurance policy, except for those obligations which were excused or prevented because of Defendants' breach of their obligations.  Plaintiff has tendered (and without waving prior tenders, hereby again tenders) the *Hanlees* and *Keller* Cross-Complaints to the Defendants herein for defense.

22.     Plaintiff is informed and believes and thereon alleges that Defendants breached their obligations under the insurance policy by failing to conduct a prompt, full and complete investigation of the underlying claims; failing to defend Plaintiff against the *Hanlees* and *Keller* Cross-Complaints; refusing to reimburse Plaintiff for defense expenses; failing to indemnify Plaintiff from the claims asserted against CHATFIELD in the *Hanlees* action and the *Keller* action; failing to advise Plaintiff in a timely manner regarding the status of the claims; and failing to promptly respond to communications with respect to the underlying claims.

23.     As a direct, legal and proximate result of Defendants' breach of contract, Plaintiff has been deprived of the benefits of its insurance coverage and has sustained substantial actual damages. Defendants' breach has been the legal and proximate cause of actual damages to Plaintiff in an amount to be determined at trial, but in excess of the jurisdictional limit of this court, including but not limited to attorneys' fees, litigation costs, and expert witness fees incurred in connection with the defense of the *Hanlees* and *Keller* Cross-Complaints, all in an amount to be proved at trial and in excess of $300,000.

/ / /

eve
fford
ngel
Paras,
s

24.     As a direct, legal and proximate result of Defendants' breach of contract, Plaintiff has been required to enter into and partially pay for a settlement of the claims asserted against Plaintiff in the *Keller* action, all in an amount to be proved at trial.

25.     As a direct, legal and proximate result of Defendants' breach of contract, Plaintiff's award in the *Hanlees* action was reduced by amounts sought in the underlying cross-complaint, including but not limited to amounts for defects or damage in the site pavement and pre-existing irrigation system.

26.     As a direct, legal and proximate result of Defendants' breach of contract, Plaintiff has sustained additional damages, plus interest, in an amount to be shown by proof at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### [Breach of the Duty of Good Faith & Fair Dealing]

27.     Plaintiff refers to and incorporates by reference herein the allegations set forth at paragraphs 1-26.

28.     Implied in the insurance contract between Defendants WESTCHESTER and DOES 1-10 and Plaintiff CHATFIELD is a covenant of good faith and fair dealing, whereby Defendants promised to give the insured's interest at least as much consideration as its own, and to do nothing to deny the insured the benefits of the insurance policy.

29.     Plaintiff has performed all the conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the insurance policy, except for those obligations which were excused or prevented because of Defendants' breach of their obligations.

30.     Plaintiff is informed and believes and thereon alleges that Defendants breached the implied covenant of good faith and fair dealing by unreasonably and without proper cause failing to conduct a prompt, full and complete investigation of the facts

eve
fford
ngel
Paras,
P

1   giving rise to the underlying claims; unreasonably failing to defend Plaintiff against the

2   *Hanlees* and *Keller* Cross-Complaints; unreasonably refusing to reimburse Plaintiff for

3   defense expenses; unreasonably failing to indemnify Plaintiff from the claims asserted

4   against it in the *Hanlees* and *Keller* actions; unreasonably failing to advise Plaintiff in a

5   timely manner regarding the status of the claims; and unreasonably failing to promptly

6   respond to communications with respect to the underlying claims.

7        31.    As a direct, legal and proximate result of Defendants' breach of the

8   covenant of good faith and fair dealing, Plaintiff has been deprived of the benefits of the

9   insurance coverage and has sustained substantial actual damages. Defendants' breach

10  of the duty of good faith and fair dealing has been the legal and proximate cause of actual

11  damages to Plaintiff in an amount to be determined at trial, but in excess of the

12  jurisdictional limit of this court, including but not limited to attorneys' fees, litigation costs,

13  and expert witness fees incurred in connection with the defense of the *Hanlees* and *Keller*

14  Cross-Complaints, all in an amount to be proved at trial.

15       32.    As a direct, legal and proximate result of Defendants' breach of the duty of

16  good faith and fair dealing, Plaintiff was required to enter into and partially pay for a

17  settlement of the *Keller* claims, all in an amount to be proved at trial. As a direct, legal

18  and proximate result of Defendants' breach of contract, Plaintiff's award in the *Hanlees*

19  action was reduced by amounts sought in the underlying cross-complaint, including but

20  not limited to amounts for defects or damage in the site pavement and pre-existing

21  irrigation system. As a direct, legal and proximate result of Defendants' breach of the duty

22  of good faith and fair dealing, Plaintiff has sustained additional damages, plus interest,

23  in an amount to be proved at trial.

24       33.    As a direct, legal and proximate result of Defendants' breach of the duty of

25  good faith and fair dealing, Plaintiff has incurred attorneys' fees and legal costs in

26  obtaining policy benefits which are reasonable under <u>Brandt v. Superior Court</u>, 37 Cal.3d

27  813 (1985), in an amount to be determined at trial.

28  / / /

34.   Plaintiff is informed and believes and thereon alleges that Defendants intentionally engaged in a course of conduct, including but not limited to delaying its response to Plaintiff's tender of defense, which was intended to oppress Plaintiff and dissuade Plaintiff from seeking benefits due to Plaintiff under the insurance policy.

35.   Defendants' refusal to fulfill their obligations under the insurance policy to investigate, defend, indemnify and promptly communicate its coverage position were done with a conscious disregard of Plaintiff's rights to receive the benefits due under the policy. In committing the acts described herein, Defendants acted in conscious disregard of Plaintiff's rights and was guilty of oppression, fraud or malice so as to warrant an assessment of punitive damages in an amount appropriate to punish and deter others from engaging in similar wrongful conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For compensatory damages in an amount according to proof at trial;

2. For costs of suit incurred herein;

3. For reasonable attorneys' fees according to proof;

4. For punitive damages according to proof;

5. For such other and further relief as the Court may deem just and proper.

Dated: November 5, 2010

GREVE, CLIFFORD, WENGEL & PARAS, LLP

By: _K Kragel_
LAWRENCE A. WENGEL (SBN 064708)
BRADLEY W. KRAGEL (SBN 143065)
Attorneys for Plaintiff
CHATFIELD CONSTRUCTION, INC.

L:\nlcoles\My Files\NI.SI8W00\Chatfield v. Westchester\Pleadings\0716Complaint.wpd
COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING   (02323-15672)

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State f    r, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State f    r, and address):*
Bradley W. Kragel, Esq.          SBN 143065
GREVE, CLIFFORD, WENGEL & PARAS, LLP
2870 Gateway Oaks Drive, Suite 210
Sacramento, CA 95833
TELEPHONE NO.: 916-443-2011   FAX NO.: 916-441-7457
ATTORNEY FOR *(Name):* Plaintiff CHATFIELD CONSTRUCTION, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME: CHATFIELD v. WESTCHESTER

**FILED**
Superior Court Of California,
Sacramento
11/05/2010
jrover
By_____, Deputy
Case Number:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | **34-2010-00091070** |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | JUDGE: |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[X] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 5, 2010

BRADLEY W. KRAGEL, Esq.
(TYPE OR PRINT NAME)

▶ *[signature]*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

#02321-15672

COPY

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice-Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]   **CIVIL CASE COVER SHEET**

#02323-15672



# Civil Case

# Packet



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 9th Street**
**Sacramento, CA 95814**
**(916) 874-5522—Website www.saccourt.ca.gov**

# ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial



**Superior Court of California, County of Sacramento**
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference.

**Note: A *Mediation Statement* must be filed with the *Case Management Statement*.**

**ADR Procedures for the Sacramento County Superior Court**

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant will receive this Information sheet from the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. **A *Stipulation and Order to Mediation* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference (CMC).** The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List) and compensated pursuant to Local Rule 12.23. The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to the court's payment schedule of $200 for up to 3 hours of Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process, the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

The court's ADR Panel List is available on-line at                                   or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. **In that event, parties must submit a *Stipulation and Order to Mediation* (see attached) within 14 calendar days after their CMC.**

**Arbitration**
If the parties do not stipulate to Mediation - plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and an alternate Arbitrator from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 12, Part 2. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

**Additional Information**

For more information on the specific ADR programs of the Sacramento Superior Court, please review the Local Rules of the Sacramento Superior Court, available at all court locations and on-line at
Alternative Dispute Resolution



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 9th Street**
**Sacramento, CA 95814**
**916-874-5522—www.saccourt.ca.gov**

## CIVIL DEPARTMENT ASSIGNMENT INFORMATION

Implementation of the Court Case Management System has changed the way cases are assigned to the Case Management Program, Law and Motion and Minor's Compromise departments. If your case was filed with the Court prior to the implementation of CCMS, please refer to the chart outlining department assignments for Legacy Cases. If your case was filed with the Court after implementation of CCMS, please refer to the chart outlining department assignments for CCMS Cases.

### Department Assignments for Legacy Cases

Legacy cases are assigned to CMP and Minors Compromise departments using the last two digits of the case number. Law and Motion matters are assigned on an odd/even basis. Legacy Cases are cases that were filed with the Court prior to November 5, 2007. Legacy case numbers are formatted as follows: *07AS03344 or 05AM05566.*

| Case Number Ending | Case Management Program | Minors Compromise |
|---|---|---|
| 50 – 74 | Department 39 | Department 22 |
| 25 – 49 | Department 35 | Department 14 |
| 75 – 99 | Department 44 | Department 38 |
| 00 – 24 | Department 45 | Department 24 |

### Department Assignments for CCMS Initiated Cases

CCMS initiated cases are assigned by the system to the CMP departments using a round robin methodology. The Law & Motion and Minors Compromise departments are based on the CMP department assignment. CCMS initiated cases are cases that were filed with the Court after the implementation of CCMS, November 5, 2007 or after. CCMS case numbers are formatted as follows: *34-2008-0001122.*

| Case Management Program | Law & Motion | Minors Compromise |
|---|---|---|
| Department 39 | Department 54 | Department 22 |
| Department 35 | Department 54 | Department 14 |
| Department 44 | Department 53 | Department 38 |
| Department 45 | Department 53 | Department 24 |

For additional information relative to department assignments or accessing Court tentative rulings, visit our website.

| COURT'S WEB SITE – WWW.SACCOURT.CA.GOV |
|---|



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA 95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

# ORDER TO FILE CASE MANAGEMENT STATEMENT
# LIMITED CIVIL CASE

## Case Management Conference
By order of the court, a case management conference will not be held in limited civil cases unless specifically ordered by the court pursuant to Local Rule 11.05(d) CMP.

## Case Management Statement
You must file and serve a case management statement no later than 180 days after the complaint is filed. Parties are encouraged to file a single joint case management statement. If a single joint statement is not filed for all parties, plaintiff shall file and serve a statement of disputed issues on a form provided by the court as an addendum to plaintiff's case management statement.

## Hearing
No hearing will be required unless ordered by the court.

## Minimum Requirements
Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after it is filed;
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered;
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein relating to the prosecution of this case.

## Case Management Orders
The court will issue a case management order after reviewing the case management statement.

## Service of Case Management Notice
Unless otherwise ordered by the court, plaintiff shall serve all other parties with a copy of this order. The cross-complainant shall have the same obligation with respect to the cross-complaint.

## Certification Filed in Lieu of Case Management Statement
Parties may file a certification on a form provided by the court in lieu of the case management statement no later than 180 days after the complaint is filed if the case is a short cause (five hours or less of trial time), the pleading stage is complete and the case will be ready for trial within 60 days. In that event, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days.

## Compliance
Failure to comply with this order may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

## NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT

---



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
### 720 Ninth Street
### Sacramento, CA  95814-1380
### (916) 874-5522—Website www.saccourt.ca.gov

## Program Case Notice

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b) and (c):

| Action | Requirement |
|---|---|
| Service of Summons | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| Statement of Damages | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| Certificate of Service/Ex Parte Application | Within **75 days** of the filing of the complaint, plaintiff must file a certificate of service or an Ex Parte Application for Extension of Time to Serve Pleading on a form provided by the Judicial Council. |
| Responsive Pleadings | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| Judgment by Default | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| Case Management Statement | The court will serve a notice of case management conference on all parties approximately 120 days after the complaint is filed.  A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| Mediation Statement | The Mediation Statement shall be filed concurrently with the Case Management Statement as required under Local Rule 12.18 unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference. |
| Meet and Confer | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| Case Management Conference | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause.  Please refer to Local Rule 11.00 for more information.

### NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.

1    RAMIRO MORALES, # 167947
ELIZABETH CELNIKER, # 211652
2    MORALES FIERRO & REEVES
2300 Contra Costa Blvd., Suite 310
3    Pleasant Hill, CA  94523
Telephone:  (925) 288-1776
4    Facsimile:  (925) 288-1856

5    Attorneys for Defendant WESTCHESTER
FIRE INSURANCE COMPANY

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SACRAMENTO

10

11    CHATFIELD CONSTRUCTION, INC.,     )   CASE NO.: 34-2010-00091070
                                      )
12             Plaintiff,           )   **ANSWER OF WESTCHESTER FIRE**
            vs.                       )   **INSURANCE COMPANY**
13                                       )
   WESTCHESTER FIRE INSURANCE       )
14    COMPANY and DOES 1-10, inclusive,    )
                                      )
15             Defendants.          )
                                      )
16                                         )

17

18        Defendant WESTCHESTER FIRE INSURANCE COMPANY (hereinafter referred to as

19    "Defendant") answers the unverified Complaint of CHATFIELD CONSTRUCION, INC.

20    (hereinafter referred to as "Plaintiff") as follows:

21                               **GENERAL DENIAL**

22        1.       Pursuant to Code of Civil Procedure § 431.30, Defendant admits the allegations

23    stated in Paragraph 2 of the Complaint and, except as so admitted, denies generally and

24    specifically each and every allegation set forth in the Complaint, denies that Plaintiff has suffered

25    damages in the amounts alleged or in any sum whatsoever by reason of any act, breach or

26    omission on the part of this answering Defendant, and further denies that Plaintiff is entitled to

27    damages in any amount whatsoever.

28        As and for separate and affirmative defenses, Plaintiff alleges the following:

ANSWER OF WESTCHESTER FIRE                        CASE NO. 34-2010-00091070

### FIRST AFFIRMATIVE DEFENSE

2.   The Complaint fails to allege facts sufficient to state any cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

3.   The First Cause of Action of the Complaint fails to allege facts sufficient to state a cause of action against Defendant.

### THIRD AFFIRMATIVE DEFENSE

4.   The Second Cause of Action of the Complaint fails to allege facts sufficient to state a cause of action against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

5.   Plaintiff is not entitled to recovery from Defendant because Defendant did not and does not owe any obligation to Plaintiff with respect to the actions referenced in Paragraphs 8 and 9 of the Complaint (collectively "the Underlying Actions"), or either of them.

### FIFTH AFFIRMATIVE DEFENSE

6.   Defendant does not have any duties or obligations to Plaintiff in connection with the Underlying Actions, or either of them, other than as set forth in, and subject to, the terms and conditions of the policy or policies issued by Defendant to Plaintiff, including without limitation the Insuring Agreements, the definitions, the exclusions, endorsements to the policy, deductible clauses, measures of indemnity, and the policy limits and sub-limits therein, (herein, "the Policy").

### SIXTH AFFIRMATIVE DEFENSE

7.   Plaintiff's claims against Defendant are barred, or limited in whole or part, because the claims against Plaintiff in the Underlying Actions, or either of them, do or did not constitute claims for which a potential for coverage exists or existed under the terms of the Policy.

### SEVENTH AFFIRMATIVE DEFENSE

8.   Plaintiff's claims against Defendant are barred, or limited in whole or part, because the claims against Plaintiff in the Underlying Actions, or either of them, do or did not constitute claims for which coverage exists or existed under the terms of the Policy.

/ / /

---

ANSWER OF WESTCHESTER FIRE

CASE NO. 34-2010-00091070

### EIGHTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that the claims asserted against Plaintiff in the Underlying Actions, or either of them, are not covered by the terms of the insuring agreement in the Policy.

### NINSECOND AFFIRMATIVE DEFENSE

10.     Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that the claims asserted against Plaintiff in the Underlying Actions, or either of them, do not constitute claims for "property damage" caused by an "occurrence," as the terms "property damage" and "occurrence" are defined in the Policy.

### TENTH AFFIRMATIVE DEFENSE

11.     Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that the claims asserted against Plaintiff in the Underlying Actions, or either of them, do not constitute claims for "property damage" that took place during the policy period, as the term "property damage" is defined in the Policy.

### ELEVENTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that the claims asserted against Plaintiff in the Underlying Actions, or either of them, are excluded from coverage under the Policy by one or more exclusions in the Policy.

### TWELFTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that the claims asserted against Plaintiff in the Underlying Actions, or either of them, are claims for "bodily injury" or "property damage" for which Plaintiff is or was obligated to pay damages by reason of the assumption of liability in a contract or agreement, coverage for which is excluded by the Policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that the claims asserted against Plaintiff in the Underlying Actions, or either of them, are or were claims for damages for "property damage" to that particular part of real property

on which Plaintiff was performing operations, if the "property damage" arises out of those operations, coverage for which is excluded by the Policy.

### FOURTEENTH AFFIRMATIVE DEFENSE

15.   Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that the claims asserted against Plaintiff in the Underlying Actions, or either of them, are or were claims for damages for "property damage" to that particular party of any property that must be restored, repaired or replaced because the Plaintiff's work was incorrectly performed on it, coverage for which is excluded by the Policy.

### FIFTEENTH AFFIRMATIVE DEFENSE

16.   Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that the claims asserted against Plaintiff in the Underlying Actions, or either of them, are or were claims for damages to Plaintiff's work, other than damage to Plaintiff's work caused by the work of a subcontractor on behalf of Plaintiff, coverage for which is excluded by the Policy.

### SIXTEENTH AFFIRMATIVE DEFENSE

17.   Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that the claims asserted against Plaintiff in the Underlying Actions, or either of them, are or were claims for "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in Plaintiff's work or product or out of a delay or failure by Plaintiff to perform a contract or agreement in accordance with its terms, coverage for which is excluded by the Policy.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18.   Plaintiff's claims against Defendant are barred, or limited in whole or part, because and to the extent that, with respect to the Underlying Actions, or either of them, Plaintiff failed to perform all of the conditions and/or obligations required of Plaintiff under the terms of the Policy.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19.   Plaintiff's claims for recovery against Defendant are barred, or limited in whole or part, because there was not compliance with the terms and conditions of the Policy, including

1 without limitation the notice and cooperation provisions, in connection with the Underlying

2 Actions, or either of them.

### NINETEENTH AFFIRMATIVE DEFENSE

4      20.    Plaintiff's claims against Defendant are barred, or limited in whole or part, because

5 and to the extent that Plaintiff did not timely tender to Defendant with respect to the claims against

6 it in the Underlying Actions, or either of them.

### TWENTIETH AFFIRMATIVE DEFENSE

8      21.    Plaintiff's claims against Defendant are barred, or limited in whole or part, because

9 and to the extent that Defendant was substantially prejudiced by the failure to give timely notice to

10 Defendant with respect to the liability claims against Plaintiff in the Underlying Actions, or either

11 of them.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

13      22.    Plaintiff's claims for recovery against Defendant are barred, or limited in whole or

14 part, because and to the extent that Plaintiff has voluntarily made payment, assumed an obligation,

15 and/or incurred expenses without Defendant's prior consent.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

17      23.    In the event that Defendant is found to owe any obligation for to pay for Plaintiff's

18 defense in the Underlying Actions, or either of them, which obligation Defendant denies, such

19 obligation does not include an obligation to contribute to or reimburse for payments made,

20 obligations assumed, or expenses, attorneys fees or costs incurred prior to the respective date on

21 which each of the Underlying Actions was tendered to Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23      24.    In the event that Defendant is found to owe any obligation for to pay for Plaintiff's

24 defense in the Underlying Actions, or either of them, which obligation Defendant denies, such

25 obligation does not include amounts to defend claims for which there is or was no possibility of

26 coverage under the Policy.

27 / / /

28 / / /

ANSWER OF WESTCHESTER FIRE                CASE NO. 34-2010-00091070

1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2      25.    In the event that Defendant is found to owe any obligation for to pay for Plaintiff's

3  defense in the Underlying Actions, or either of them, which obligation Defendant denies, such

4  obligation does not include amounts that were not necessarily incurred in the defense of liability

5  claims against Plaintiff in the Underlying Actions, or either of them.

6

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

7      26.    In the event that Defendant is found to owe any obligation for to pay for Plaintiff's

8  defense in the Underlying Actions, or either of them, which obligation Defendant denies, such

9  obligation does not include amounts that were not reasonably incurred in the defense of liability

10  claims against Plaintiff in the Underlying Actions, or either of them.

11

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

12      27.    In the event that Defendant is found to owe any obligation for to pay for Plaintiff's

13  defense in the Underlying Actions, or either of them, which obligation Defendant denies, such

14  obligation is limited by the extent that Plaintiff has failed to mitigate, minimize or avoid the cost

15  of its defense in the Underlying Actions, or either of them.

16

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

17      28.    In the event that Defendant is found to owe any obligation for to pay indemnity in

18  connection with the Underlying Actions, or either of them, which obligation Defendant denies,

19  such obligation does not include amounts for liability for which there is no coverage under the

20  Policy.

21

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

22      29.    Plaintiff's claims against Defendant are barred, or limited in whole or part, because

23  Plaintiff has suffered no damages as a result of any of the conduct alleged in their Complaint.

24

### TWENTY-NINTH AFFIRMATIVE DEFENSE

25      30.    Plaintiff's claims against Defendant are barred, or limited in whole or part, because

26  Plaintiff has failed to mitigate its alleged damages, if any, and such failure proximately caused and

27  contributed to those alleged damages.  Any recovery against Defendant must be reduced to the

28  extent Plaintiff has failed to mitigate, minimize or avoid the damages alleged in the Complaint.

1

### THIRTIETH AFFIRMATIVE DEFENSE

2      31.    In the event that Defendant is found to owe any obligation to pay defense and/or

3    indemnity in connection with the Underlying Actions, or either of them, which obligation

4    Defendant denies, Plaintiff's right to recovery from Defendant, if any, is limited in whole or in

5    part by amounts that Plaintiff has recovered from other sources.

6

### THIRTY-FIRST AFFIRMATIVE DEFENSE

7      32.    The amounts potentially recoverable, if any, under the Policy must be reduced or

8    offset by recoveries the Plaintiff has obtained or is in the process of obtaining from other sources,

9    including, but not limited to, payment in whole or in part by a subcontractor.

10

### THIRTY-SECOND AFFIRMATIVE DEFENSE

11      33.    In the event that Plaintiff is entitled to recovery from insurance other than the

12    Policy, the amounts potentially recoverable, if any, under the Policy should be allocated according

13    to equitable principles among all other insurers that have a defense or indemnity obligation to

14    Plaintiff with respect to the Underlying Actions, or either of them.

15

### THIRTY-THIRD AFFIRMATIVE DEFENSE

16      34.    The conduct of Plaintiff contributed as a proximate cause in bringing about the

17    injury, if any, alleged in the Complaint, and any recovery against Defendant must be reduced in

18    proportion to the contributory fault of Plaintiff.

19

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

20      35.    Plaintiff's claims for recovery against Defendant are barred, or limited in whole in

21    part, because and to the extent that Plaintiff's acts or omissions in connection with the events

22    alleged in the Complaint breached Plaintiff's duty of good faith and fair dealing.

23

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

24      36.    Third parties were negligently or actionably at fault in and about the matters

25    alleged in the Complaint.  This negligence proximately caused and/or contributed to the damages

26    claimed, if any.  By reason of the actionable fault of these parties, any damages against Defendant

27    should be abated entirely or reduced in proportion to the fault of such third parties.

28    / / /

ANSWER OF WESTCHESTER FIRE                    CASE NO. 34-2010-00091070

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

37.     To the extent that Plaintiff asserts a claim for attorneys fees and costs incurred in this action, other than as reasonable and necessary to recover any policy benefits presently owed by Defendant, the existence of which is denied by Defendant, such amounts are not recoverable by Plaintiff in this action.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

38.     Plaintiff's claim for attorneys fees is barred by *California Code of Civil Procedure* Section 1021.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

39.     Plaintiff's claim for punitive damages, as applied to this action, is in violation of the Constitution of the State of California and the United States Constitution.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

40.     The Complaint, and each and every cause of action alleged in the Complaint, fails to state facts sufficient to state a claim for punitive damages against Defendant.

### FORTIETH AFFIRMATIVE DEFENSE

41.     Plaintiff's claims are barred or limited in whole or in part by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 337, 337.1, 337.15, 338, 339, 340 and 343.

### FORTY-FIRST AFFIRMATIVE DEFENSE

42.     The Complaint, and each and every cause of action therein, is barred by reason of the doctrine of laches, and the doctrine of laches bars or limits Plaintiff from recovering on the Complaint, in whole or in part.

### FORTY-SECOND AFFIRMATIVE DEFENSE

43.     Plaintiff is estopped from asserting the claims in the Complaint, and said estoppel bars or limits Plaintiff from recovering on the First Complaint, in whole or in part.

### FORTY-THIRD AFFIRMATIVE DEFENSE

44.     Plaintiff's claims are barred by waiver and said waiver bars or limits Plaintiff from recovering on the Complaint, in whole or in part.

ANSWER OF WESTCHESTER FIRE                          CASE NO. 34-2010-00091070

### FORTY-FOURTH AFFIRMATIVE DEFENSE

45.     Plaintiff is guilty of unclean hands, and the doctrine of unclean hands bars or limits Plaintiff from recovering on the Complaint, in whole or in part.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

46.     Plaintiff's Complaint and each cause of action therein is barred or limited in whole or in part by the doctrines of *res judicata* or collateral estoppel or both doctrines.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

47.     The Complaint does not describe the claims against Defendant with sufficient particularity to enable Defendant to determine the nature or basis for Plaintiff's claims or all of the defenses that Defendant currently has.  Defendant therefore reserves the right to assert any defense which may be applicable to the Complaint at such time as the precise nature of the claims made against Defendant has been determined.

**WHEREFORE**, Defendant WESTCHESTER FIRE INSURANCE COMPANY prays for judgment as follows:

1.     That Plaintiff take nothing by way of the Complaint, and that the Complaint against Defendant be dismissed with prejudice;

2.     That Defendant be awarded costs of suit incurred herein; and

3.     For such other and further relief as this Court may deem just and proper.

Dated: 12/30 , 2010

MORALES FIERRO & REEVES

By: _____
RAMIRO MORALES, #167947
ELIZABETH B. CELNIKER, #211652
Attorneys for Defendant WESTCHESTER FIRE
INSURANCE COMPANY

ANSWER OF WESTCHESTER FIRE                    CASE NO. 34-2010-00091070

*Chatfield Construction, Inc. v. Westchester Fire Insurance Co.*
Sacramento County Superior Court
Case No. 34-2010-00091070

## PROOF OF SERVICE

I am employed by the Law Offices of Morales, Fierro & Reeves located at 2300 Contra Costa Blvd., Suite 310, Pleasant Hill, California, 94523.  I am over the age of eighteen years and not a party to the within action.

On December 30, 2010, I served the document(s) described as:

**ANSWER OF WESTCHESTER FIRE INSURANCE COMPANY**

on the interested party(ies) in this action as follows:

Lawrence A. Wengel, Esq.
GREVE, CLIFFORD, WENGEL & PARAS, LLP
2870 Gateway Oaks Drive, Suite 210
Sacramento, CA  95833-4324
Phone: (916) 443-2011
Fax: (916) 441-7457
**Attorneys for Plaintiff**
**Chatfield Construction, Inc.**

☒    BY U.S. MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on the same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 30, 2010, at Pleasant Hill, California.

_____
Marianne Fogle

PROOF OF SERVICE                                                                      Case No. 34-2010-00091070